COURT OF APPEALS
DECISION
DATED AND FILED

December 23, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP265-CR**

STATE OF WISCONSIN

Cir. Ct. No. **2015CF1190**

IN COURT OF APPEALS
DISTRICT IV

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

 V.

MARVIN D. GREER,

   DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Rock County: MICHAEL A. HAAKENSON, Judge. *Affirmed*.

Before Fitzpatrick, P.J., Blanchard, and Kloppenburg, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Marvin Greer was convicted in the Rock County Circuit Court, following a jury trial, of two counts of manufacturing and/or

delivering a controlled substance, second or subsequent offense, as a repeater. *See* WIS. STAT. §§ 941.61(1), 939.62(1)(b), and 961.48(1)(b) (2013-14).[1] Greer filed a postconviction motion alleging that his trial counsel was ineffective. The circuit court denied Greer's postconviction motion without an evidentiary hearing, and Greer appeals. We agree with the circuit court that Greer's motion was insufficient to entitle him to an evidentiary hearing on his ineffective assistance of counsel claims. We therefore affirm the judgment of conviction and the order of the circuit court.[2]

## BACKGROUND

¶2    In Rock County case no. 2015CF1190, Greer was charged with two counts of manufacturing and/or delivering less than one gram of cocaine, second or subsequent offense, as a repeater, and one count of manufacturing and/or delivering less than three grams of heroin, second or subsequent offense. The complaint in case no. 2015CF1190 alleged that a confidential informant purchased cocaine or heroin from Greer on three separate occasions. Case no. 2015CF1190 is the subject of this appeal.

¶3    For purposes of trial, case no. 2015CF1190 was consolidated with Rock County case no. 2016CF1473.[3]

---

[1] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

[2] Greer's appellate counsel filed Greer's reply brief over thirty days later than the deadline set by WIS. STAT. RULE 809.19(4). Counsel did not file a motion requesting an extension of time to file the reply brief. *See* WIS. STAT. RULE 809.82(2)(a). The State has not asked this court to refuse to accept Greer's reply brief and, although untimely, we accept the reply brief.

[3] Greer's first trial on those consolidated charges ended in a mistrial.

¶4      In case no. 2016CF1473, Greer was charged with three counts of delivering cocaine to Ricki Coggins.

¶5      The jury found Greer not guilty of all charges in case no. 2016CF1473.  The jury found Greer guilty of two charges in case no. 2015CF1190:  one count of manufacturing and/or delivering less than one gram of cocaine and one count of manufacturing and/or delivering less than three grams of heroin.  The jury found Greer not guilty of one count of manufacturing and/or delivering less than one gram of cocaine charged in case no. 2015CF1190.

¶6      Greer filed a postconviction motion requesting a new trial on the basis that his trial counsel was ineffective.[4]  Greer alleged in his postconviction motion, and argues on appeal, that his trial counsel was ineffective for the following reasons:

    1. Trial counsel failed to challenge the determination that there was probable cause to support Greer's arrest on the charges in case no. 2015CF1190.

    2. Trial counsel failed to challenge the sufficiency of the charges in case no. 2016CF1473.

---

[4] On appeal, Greer asks this court to remand this matter to the circuit court for a new trial on the two counts on which he was convicted based on the purported merits of his ineffective assistance of counsel motion.  However, whether a new trial based on alleged ineffective assistance of counsel is warranted cannot be determined without an evidentiary hearing on whether counsel's performance was constitutionally defective.  *See State v. Balliette*, 2011 WI 79, ¶18, 336 Wis. 2d 358, 805 N.W.2d 334.  Accordingly, as will be discussed, the proper posture of this appeal is whether the circuit court erred in determining that Greer's postconviction motion was insufficient to entitle him to an evidentiary hearing.

3. Trial counsel failed to object at trial to testimony that referred to a previous "revocation hearing."

4. Regarding identification of Greer's voice on a recording, trial counsel failed to cross-examine a witness about testimony given by that same witness at the mistrial.

5. A portion of trial counsel's final argument concerning Greer's possible romantic interest in Ricki Coggins was "highly prejudicial" to Greer.

The circuit court denied Greer's postconviction motion without an evidentiary hearing. Greer appeals.

¶7     We next set forth pertinent trial testimony.

**Pertinent Trial Testimony.**

Ricki Coggins

¶8     Ricki Coggins testified to the following. In February 2014, she was sixteen years old and living with her mother, Deanna Sando. Between February 2014 and mid-November 2014, Greer sold Coggins cocaine "[t]wo, three times." Those alleged sales were the basis for the charges in case no. 2016CF1473.

¶9     On cross-examination, Coggins denied that she had "any romantic interest" in Greer, and that she "wouldn't know" if Sando had a romantic interest in Greer. Coggins admitted that she was not able to turn over to police any of the cocaine she purchased from Greer and that no one other than Greer witnessed her purchasing cocaine from him.

4

## Deanna Sando

¶10    Deanna Sando testified to the following. Sando had been using cocaine for approximately ten years. In October or November 2014, Coggins introduced Sando to Greer for the purpose of "purchas[ing] … cocaine." When Sando met Greer, she learned that Greer had been selling cocaine to Coggins.

¶11    Approximately one month after meeting Greer, Sando spoke to Officer Brian Miller during a traffic stop. Sando informed Miller that her "daughter was purchasing powder cocaine from … Greer and asked if there was anything [she] could do about it." Sando subsequently became a confidential informant and agreed to make "purchases from … Greer with the [City of] Beloit Police Department."

¶12    While acting as a confidential informant, Sando made three controlled buys from Greer. For each controlled buy, Sando handed Greer money that had been given to her by Officer Miller and, in exchange, Greer gave Sando cocaine or heroin, which Sando turned over to Miller.

¶13    On cross-examination, Sando denied having "a romantic interest in … Greer."

## Officer Brian Miller

¶14    Officer Miller testified to the following. Miller is an officer with the City of Beloit Police Department.

¶15    In early November 2014, during a traffic stop, Officer Miller made contact with Sando, and Sando informed Miller that "she had some information regarding drug activity … in … Beloit." Sando provided Miller with information

on a man "called MG or MJ." Miller conducted an investigation into the information given to him by Sando and learned that "a possible subject by the name of Marvin Greer … goes by MG." A "booking photo" of Greer was shown to Sando, who "positively identified MG as Marvin Greer."

¶16 Sando informed police that "Greer was … selling narcotics to her daughter," and Sando agreed to act as an informant for law enforcement. Sando was compensated with $20 for each controlled buy.

¶17 From November 2014 to March 2015, the "Drug and Gang Unit" Officer Miller was a part of conducted three "controlled buy[s]" with Sando's assistance. Before each controlled buy, Sando was searched by police "for any money or narcotics to make sure she ha[d] none," and Sando was equipped with two recording devices. For each controlled buy, in Officer Miller's presence Sando contacted Greer by phone to set up a time and place for the purchase of illegal drugs. For each controlled buy, Sando was given money by Officer Miller to make the purchase from Greer. Each time, while under police surveillance, Sando went to a location to meet Greer. After each completed controlled buy, Sando went to a predetermined location where she met with Officer Miller and gave him the drugs that she had purchased with the money Officer Miller provided. Officer Miller then tested the substance and determined that each tested positive for cocaine or heroin.

¶18 An audio recording of each controlled buy was transcribed and played for the jury at trial. Miller recognized the voices of Sando and Greer in each recording.

6

¶19    On cross-examination, Officer Miller denied having any information that there was a romantic relationship between Sando and Greer and stated that such a relationship was "never investigated."

¶20    We will mention other material facts in our discussion, below.

## DISCUSSION

¶21    As noted, the issue before this court is whether Greer is entitled to an evidentiary hearing on his ineffective assistance of counsel claims. We begin our analysis by setting forth governing principles and our standard of review in cases in which a circuit court, without an evidentiary hearing, denies a defendant's postconviction motion for a new trial based on alleged ineffective assistance of counsel.

### I.  Governing Principles and Standard of Review.

¶22    The Sixth and Fourteenth Amendments to the United States Constitution guarantee to a criminal defendant the right to effective assistance of counsel. *State v. Balliette*, 2011 WI 79, ¶21, 336 Wis. 2d 358, 805 N.W.2d 334. To establish ineffective assistance, a defendant must demonstrate:  (1) that counsel's performance was deficient; and (2) that the deficient performance was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prove deficient representation, the defendant must point to specific acts or omissions by his or her attorney that are "outside the wide range of professionally competent assistance." *Id.* at 690. To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. We

7

need not address both prongs of the *Strickland* test if the defendant does not make a sufficient showing on either one. *See id.* at 697.

¶23 A defendant is not entitled to an evidentiary hearing on his or her postconviction claim of ineffective assistance of counsel as a matter of right. *See Balliette*, 336 Wis. 2d 358, ¶18. To obtain an evidentiary hearing, the defendant must allege sufficient facts that, if true, would entitle him or her to relief. *Id.* The postconviction motion "must contain an historical basis setting forth material facts that allows the reviewing court to meaningfully assess the defendant's claims." *State v. Love*, 2005 WI 116, ¶27, 284 Wis. 2d 111, 700 N.W.2d 62. "[A] postconviction motion will be sufficient if it alleges ... 'the five "w's" and one "h"; that is, who, what, where, when, why, and how.'" *Id.* (quoting *State v. Allen*, 2004 WI 106, ¶23, 274 Wis. 2d 568, 682 N.W.2d 433).

¶24 If the motion alleges sufficient facts, the circuit court must hold an evidentiary hearing. *Allen*, 274 Wis. 2d 568, ¶9. "However, if the motion does not raise facts sufficient to entitle the movant to relief, or presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief, the circuit court has the discretion to grant or deny a hearing." *Id.* Whether Greer's postconviction motion alleges sufficient material facts that, if true, would entitle him to an evidentiary hearing is a question of law that we review de novo. *Id.*

¶25 We now address whether Greer's postconviction motion alleging ineffective assistance of counsel raises sufficient facts on any of his five claims to entitle Greer to an evidentiary hearing. We address each of Greer's claims in turn.

## **II. Trial Counsel's Failure to Challenge Greer's Arrest.**

¶26    Greer argues that his trial counsel was ineffective for failing to challenge his arrest for the charges in case no. 2015CF1190 based upon a lack of probable cause.  Greer contends that such a motion would have been successful and resulted in dismissal of those charges.

¶27    To be lawful, an arrest must be based on probable cause.  *See **State v. Secrist***, 224 Wis. 2d 201, 212, 589 N.W.2d 387 (1999).  "Probable cause [to arrest] exists where the totality of the circumstances within the arresting officer's knowledge at the time of the arrest would lead a reasonable police officer to believe that the defendant probably committed a crime."  ***State v. Koch***, 175 Wis. 2d 684, 701, 499 N.W.2d 152 (1993).

¶28    At the preliminary hearing in case no. 2015CF1190, it appears from the clerk's notes that probable cause was contested and testimony was taken, after which the court determined that there was probable cause to arrest Greer.

¶29    Greer, as the appellant, has the burden to ensure that the record on appeal is complete.  ***State v. Marks***, 2010 WI App 172, ¶20, 330 Wis. 2d 693, 794 N.W.2d 547.  "[W]hen an appellate record is incomplete in connection with an issue raised by the appellant, we must assume that the missing material supports the [circuit] court's ruling."  ***Fiumefreddo v. McLean***, 174 Wis. 2d 10, 27, 496 N.W.2d 226 (Ct. App. 1993).  As pointed out by the State, Greer has not provided this court with a transcript of the preliminary hearing.  Greer does not dispute this point.  Without that transcript, we cannot review the evidence upon which the circuit court's probable cause determination was made, and we must assume that the missing portions of the record support the court's determination that officers had probable cause to arrest Greer.  *See **id.***

¶30    From that, we must conclude that a motion from Greer's trial counsel, beyond whatever arguments were made by Greer's counsel at the preliminary hearing, would have failed.  *See **Allen***, 274 Wis. 2d 568, ¶9 (explaining that a defendant is not entitled to an evidentiary hearing on his or her ineffective assistance of counsel claim if the record conclusively demonstrates that the defendant is not entitled to relief).[5]

¶31    Therefore, Greer has not shown that he is entitled to an evidentiary hearing on this allegation of ineffective assistance of counsel.

### III.  Trial Counsel's Failure to Challenge Charges Brought Against Greer in Case No. 2016CF1473.

¶32    Greer argues that his trial counsel was ineffective for failing to request dismissal of the three charges in case no. 2016CF1473, and that failure prejudiced Greer to such an extent that it led to his convictions on two counts in case no. 2015CF1190.  We reject Greer's argument.

¶33    To repeat, the case presently before us on appeal, case no. 2015CF1190, was consolidated for trial with case no. 2016CF1473.  In case no. 2016CF1473, the State charged Greer with selling cocaine on three separate occasions.  The complaint in case no. 2016CF1473 did not allege when the drug

---

[5] In his briefing in this court on this issue, Greer relies on an unpublished per curiam opinion in violation of WIS. STAT. RULE 809.23(3)(a) and (b), to support his claim that his trial counsel was ineffective.  We disregard any argument relying on the unpublished per curiam decision and admonish counsel not to continue this practice.  We also caution counsel for the State not to discuss unpublished per curiam opinions relied on by adverse counsel, as the State did here, without noting the improper citation to that opinion.

sales took place except to state that the sales took place between February and November 2014.

¶34     Greer contends that trial counsel was deficient in his performance because counsel did not move for a directed verdict on all three counts brought in case no. 2016CF1473 based on alleged deficiencies in the complaint as to "date and time."  Greer asserts that he was prejudiced by this purported error of trial counsel because the charges in case nos. 2016CF1473 and 2015CF1190 were joined for trial, and the jury "likely found that Greer was in fact, a drug dealer, simply based on the numerous accusations against him, and, as a result, this sort of evidence [about the charges in case no. 2016CF1473] became propensity evidence."

¶35     We begin our analysis by noting that, in his postconviction motion, Greer argued that trial counsel was deficient for failing to object to the joinder of case nos. 2015CF1190 and 2016CF1473.  Greer does not argue on appeal that joinder was improper.  The State devotes a significant part of its brief on this issue to the question of joinder.  But, we need not address whether joinder of the cases was proper because Greer has abandoned any argument to the contrary.  *See A.O. Smith Corp. v. Allstate Ins. Cos.*, 222 Wis. 2d 475, 491, 588 N.W.2d 285 (Ct. App.1998) ("[A]n issue raised in the [circuit] court, but not raised on appeal, is deemed abandoned.").  We now discuss why the argument Greer does make fails.

¶36     A fatal deficit in Greer's argument is that the criminal complaint filed in case no. 2016CF1473 is not in the record in this appeal.  Although Greer gives a purported cite to the record for that complaint, the complaint from that case is not at that portion of the record, or anywhere else that we can determine. *See Grothe v. Valley Coatings, Inc.*, 2000 WI App 240, ¶6, 239 Wis. 2d 406, 620

11

N.W.2d 463 (stating an appellate court will not search the record for facts to support a party's arguments). As a result, Greer has not made a sufficient factual record to support his contention that there was a defect in the complaint in case no. 2016CF1473 that would have caused that complaint to be dismissed if the proper motion for a directed verdict was made by Greer's trial counsel.

¶37 We now turn to a separate challenge based on the failure to move for a directed verdict in case no. 2016CF1473, and our focus is on the prejudice prong of the ineffective assistance of counsel analysis. To establish prejudice, Greer must show a reasonable probability that, but for counsel's unprofessional errors, the result of the trial would have been different. *Strickland*, 466 U.S. at 694. We conclude that the record conclusively demonstrates that Greer was not prejudiced by counsel's purported failure to move for a directed verdict regarding the charges in case no. 2016CF1473.

¶38 Greer alleges that he was prejudiced by counsel's failure to challenge the sufficiency of the complaint in case no. 2016CF1473 because counsel's failure to do so allowed the jury to hear evidence that Greer delivered drugs on three separate occasions to Coggins as alleged in that case. Greer specifies on appeal the one point of the proceedings that trial counsel purportedly failed to act. Greer contends that trial counsel's error was that he "did not specifically move for a directed verdict on all three counts in 16CF1473 by claiming that the offenses were not properly alleged as to date and time."

¶39 WISCONSIN STAT. § 805.14(4) governs a motion for a directed verdict and states:

> MOTION AT CLOSE OF ALL EVIDENCE. In trials to the jury, at the close of *all* evidence, any party may challenge the sufficiency of the evidence as a matter of law by

> moving for *directed verdict* or dismissal or by moving the court to find as a matter of law upon any claim or defense or upon any element or ground thereof.

(Emphasis added.)   As demonstrated by that language, a motion for a "directed verdict" is made at the close of all evidence.  *See* ***State v. Magett***, 2014 WI 67, ¶63, 355 Wis. 2d 617, 850 N.W.2d 42 ("[A] directed verdict under subsec. (4) is to be entered only 'at the close of *all* evidence.'" (quoting § 805.14(4)).  From this it follows that, even if trial counsel had made such a motion for a directed verdict as Greer asserts he should have done, the jury would have still heard the testimony that alleged that Greer sold illegal drugs to Coggins on three different dates.  Therefore, a motion for a directed verdict would not have alleviated any purported prejudice regarding the jury's view of the evidence on the charges brought in case no. 2015CF1190.

¶40   One other facet of the case confirms that the circuit court was not obligated to grant an evidentiary hearing on this issue.  The jurors were instructed that they must consider each count against Greer separately.  As part of his argument on this claim, Greer asserts that the jury improperly considered evidence regarding charges in case no. 2016CF1473 to convict Greer of two counts in case no. 2015CF1190.  But, the jury was instructed not to do what Greer contends the jury did.  We reject Greer's argument because he gives us no reason to believe that the jury did not follow the instructions of the circuit court to consider each count individually, and the evidence relevant to that count alone.  *See* ***Wosinski v. Advance Cast Stone Co.***, 2017 WI App 51, ¶94, 377 Wis. 2d 596, 901 N.W.2d 797 ("[C]ourts are 'required to presume the jury obeyed the instructions as given.'" (quoting ***State v. Abbott Labs.***, 2012 WI 62, ¶103, 341 Wis. 2d 510, 816 N.W.2d 145)).

13

¶41    Accordingly, the circuit court did not err in denying this portion of Greer's postconviction motion without an evidentiary hearing.

### IV.  Trial Counsel's Failure to Object to Testimony.

¶42    Greer argues that his trial counsel was ineffective for failing to object to testimony of Officer Miller regarding a revocation hearing.  We begin by setting forth additional pertinent facts.

¶43    On direct examination, Officer Miller testified that, in his original report on the second controlled buy, he did not document that he recognized and identified Greer at the time of that controlled buy because he forgot to made that documentation, which was "a huge mistake."  Officer Miller also told the jury that, after he testified at a separate proceeding that he recognized Greer at the second controlled buy, Miller wrote, at the prosecutor's request, a supplement to his report documenting that Miller recognized Greer at the second controlled buy.  On cross-examination, Greer's trial counsel questioned Miller as follows:

> [Trial counsel]: Your report says you received a call from the prosecutor; isn't that right?
>
> [Officer Miller]:  Yes.
>
> [Trial counsel]: And he asked you … if anybody could identify Marvin Greer; isn't that right?
>
> [Officer Miller]:  Yes.
>
> [Trial counsel]:  And he did so because?
>
> ….
>
> [Officer Miller]: Because I was actually at a revocation hearing, and at that time they asked … if anybody had identified him in the second purchase, and I said, yeah, I actually did, and they looked at the report and said we didn't record it.  And I go, oh, geez, that's my fault.  So when [the prosecutor] had called me and asked me

about it, I said, well, yeah, that was my mistake, I should have put it in there and I didn't.

> [Trial counsel]: And you filed … a supplement report …?

> [Officer Miller]: … [Y]eah.

On redirect, the prosecutor questioned Miller as follows:

> [Prosecutor]: How long after you wrote [the original] report … did [Miller's failure to document that he recognized Greer at the second controlled buy] come up again or did it come up again?

> [Officer Miller]: It didn't come up again. I went to the revocation hearing, and when we were going through it, it was brought up, and I said that I had identified him [because] I saw him walking down to [Sando's] house.

¶44 Greer alleges that his trial counsel was ineffective in not objecting to Officer Miller's references to the "revocation hearing" because, according to Greer, those were references to Greer's prior criminal history, and such references were "unfairly prejudicial" to Greer.

¶45 We reject Greer's argument for two reasons. First, the testimony of Officer Miller that Greer complains of did not establish that Greer had a criminal history as Greer argues. The references and the testimony were to a "revocation hearing." No explanation was given to the jury about what that proceeding was or that the revocation hearing was based on prior crimes committed by Greer. We agree with the circuit court's conclusion that trial counsel's failure to object to those answers from Officer Miller was not prejudicial to Greer's defense. At trial there was a passing reference to a type of hearing that was not explained to the jury. Further, an objection from trial counsel would have brought the "revocation hearing" to the jury's attention possibly to Greer's detriment.

¶46    Second, Greer's allegation of prejudice is simply a bare, conclusory allegation.  Greer fails to explain how or why, but for counsel's failure to object to Officer Miller's testimony, the result of the proceeding would have been different.  *See Strickland*, 466 U.S. at 694.  Greer's conclusory allegations are not sufficient to entitle him to an evidentiary hearing on this issue.  *See State v. Sulla*, 2016 WI 46, ¶23, 369 Wis. 2d 225, 880 N.W.2d 659 (stating that, if a defendant's motion asserting ineffective assistance of counsel contains only conclusory allegations, the defendant is not entitled to an evidentiary hearing).

¶47    Therefore, Greer is not entitled to an evidentiary hearing on this claim of ineffective assistance of counsel.

## V.  Trial Counsel's Cross-Examination of Officer Miller.

¶48    Greer argues that his trial counsel was ineffective for not cross-examining Officer Miller on a specific subject.  More particularly, during Officer Miller's testimony at the mistrial, he did not explicitly testify that he recognized Greer's voice on any of the recordings of the controlled buys.  At the second trial, Officer Miller testified that he recognized Greer's voice on each recording of the controlled buys.  From that, Greer asserts only that:  "This should have been an area of cross-examination by [trial counsel] for the purpose of impeachment."

¶49    Once again, Greer's bare, conclusory allegation is not sufficient to entitle him to an evidentiary hearing.  *See id.*  Greer does not explain why, but for trial counsel's failure to cross-examine Officer Miller on that point, the result of the trial would have been different.  *See Strickland*, 466 U.S. at 694.

¶50    Accordingly, this allegation of ineffective assistance of counsel does not entitle Greer to an evidentiary hearing.

## VI. Trial Counsel's Defense Theory in Closing Argument.

¶51 Finally, Greer argues that his trial counsel was ineffective because the defense theory articulated in closing argument was "unreasonable" and "highly prejudicial" to Greer. Specifically, during trial counsel's closing argument, counsel argued that Sando "set Mr. Greer up" for the following reason:

> What the evidence looks like to me is that Ricki Coggins had a romantic relationship with Mr. Greer. The mother, Ms. Sando, wasn't comfortable with that because she wanted to have a romantic relationship with Mr. Greer and -- and so she would go to any length to -- to set Mr. Greer up.

We now explain why we conclude that counsel's argument was not deficient performance. *See id.* at 697.

¶52 Greer contends in part that the complained-of theory of defense was "not grounded in any evidence." However, as pointed out by the State, Greer's only witness, an investigator with the public defender's office, testified that Sando had informed him that "she knew [Greer] and she was upset with [Greer] because he had tried to date her daughter." That testimony substantiates, at least in part, that the argument was grounded in evidence, contrary to Greer's assertion.

¶53 Greer further contends that the challenged theory in the closing argument "equate[d] [Greer] with being a pedophile" because Coggins was sixteen or seventeen years old at the relevant times. This is an exaggeration of how a reasonable jury would have processed this argument. Further, the challenged argument was not the sole focus of counsel's closing argument. He made four other arguments to the jury. Trial counsel argued that Sando was paid $20 for each time she performed a controlled buy with Greer, so she could not be trusted because her "testimony was bought and paid for." Trial counsel also criticized

17

Officer Miller's investigation of Greer and argued that there was no DNA evidence related to Greer found on the illegal drugs allegedly sold to Sando by Greer in the controlled buys. Further, trial counsel pointed out that there were no illegal drugs found on Greer when he was arrested. Trial counsel also argued that the jury should "tell the government's attorney that when you have serious charges," there should be evidence that is beyond a reasonable doubt "[a]nd that doesn't exist anywhere here in this case."

¶54 A defendant "is not entitled to the ideal, perfect defense or the best defense but only to one which under all the facts gives him reasonably effective representation." *State v. Harper*, 57 Wis. 2d 543, 557, 205 N.W.2d 1 (1973). We agree with the circuit court that trial counsel's defenses as articulated in closing argument were consistent with the facts presented at trial and were reasonable arguments in light of the strength of the State's case and the recordings of the controlled buys. In the context of the entire closing argument of trial counsel, the one complained-of argument does not constitute deficient performance.

¶55 We could end our discussion of this issue with those points. We further point out that Greer fails to establish that trial counsel's defense theory concerning the "love triangle" caused prejudice to Greer. Greer does not enunciate why this one argument caused the result of the trial to be different than it would have been without the argument. *See Strickland*, 466 U.S. at 694.

¶56 Greer is, therefore, not entitled to an evidentiary hearing on this allegation of ineffective assistance of counsel.

¶57 In sum, the circuit court did not err in denying Greer's postconviction motion alleging ineffective assistance of counsel without holding an evidentiary hearing.

18

## CONCLUSION

¶58 For the foregoing reasons, the judgment and order of the circuit court are affirmed.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.